UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS VUITTON MALLETIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:10-cv-02821 |
| | § | |
| TEXAS INTERNATIONAL | § | |
| PARTNERSHIP, LTD., et al., | § | |
| | § | |
| Defendants. | § | |

## INJUNCTION

This came before the Court on the joint application of Plaintiff Louis Vuitton Malletier (hereinafter referred to as "Plaintiff" or "Louis Vuitton") and Defendants Texas International Partnership, Ltd., d/b/a the Harwin Discount Center, TI-II Limited Partnership, Ruben Kloda, Daniel S. Whitebook and Robert Elliott (hereinafter "Defendants"), (collectively the "Parties").

The Parties have stipulated and agreed as follows:

a. This Court has jurisdiction over the subject matter of this action.

b. This Court has jurisdiction over Defendants.

c. Plaintiff is engaged in the manufacture, sale and distribution in interstate and foreign commerce of prestigious high-quality, luxury merchandise.

d. Plaintiff represents that it owns many different federally registered trademarks, including, but not limited to, the following trademarks: the Toile

1

Monogram – U.S. Trademark Registration No. 297,594, No. 1,770,131 and No. 2,399,161; LOUIS VUITTON – U.S. Trademark Registration No. 1,045,932, No. 1,990,760, and No. 2,909,003; LOUIS VUITTON PARIS – U.S. Trademark Registration No. 2,346,373; LOUIS VUITTON MALLETIER A PARIS – U.S. Trademark Registration No. 1,615,681; LV – U.S. Trademark Registration No. 1,519,828, No. 1,794,905, No. 1,938,808, and No. 2,361,695; Epi Leather – U.S. Trademark Registration No. 2,098,630 and No. 2,263,903; Flower – U.S. Trademark Registration No. 2,177,828 and No. 3,021,231; Flower in a Circle – U.S. Trademark Registration No. 2,181,753 and No. 3,023,930; Flower in a Diamond - U.S. Trademark Registration No. 2,773,107 and No. 3,051,235; Damier – U.S. Trademark Registration No. 2,378,388, No. 2,421,618 and No. 3,576,404; and Bags and Trunks – U.S. Trademark Registration No. 3,531,297. Louis Vuitton further represents that one or more of the foregoing trademarks (hereinafter collectively referred to as the "Louis Vuitton Trademarks") appears on each of Louis Vuitton's products.

e. Plaintiff filed the instant action on August 9, 2010, alleging that Defendants committed contributory trademark infringement by, among other things, allegedly allowing vendors, tenants, sub-tenants, undertenants, lessees, sub-lessees, or any other occupants (collectively referred to as "Tenant(s)") at the Harwin Discount Center, located at 9810-9880 Harwin Drive, Houston, Texas (the "Property") to sell goods bearing counterfeits of one or more of the Louis Vuitton Trademarks (hereinafter referred to as "Infringing Products").

2

f.  The Defendants deny Plaintiff's allegations and maintain that they have not engaged in any wrongful conduct.

g.  The Parties have entered into a settlement agreement, pursuant to which the Parties have agreed to the entry of the foregoing Injunction without any admission of wrongdoing by Defendants, or any evidentiary findings by the Court. Consistent with the stipulation of the Parties, the Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Injunction on Plaintiff's claims against Defendants, and **HEREBY ORDERS** as follows:

1.  Texas International Partnership, Ltd., d/b/a the Harwin Discount Center ("Texas International") represents that it is not leasing and shall refrain in the future from leasing space to:

> a) Madera Furniture, Argelia Serrato, Madeira Furniture & Home Décor, Roman Couvertier Cruz, Alexa's Boutique, Richard King, NZ Trading, AZ Trading, NH Trading, Mohammad Saleem, Fashion Fashion, Saadiya Idrees, A & B Fashions, Babar Ahmed, Jay Jay Fashion, Maliha Miqal, Klass Fashions, Syed Asim Ali, L A Fashion, Mahmood Baig, SRS Trading Inc., d/b/a, Discounters Outlet, Saleem Surani, Fashion Club, Fashion Handbags, Syed Rizvi, Fantastic Fashion's, Galaxy Fashion, Geneva Gift, Inc., New Geneva Gift, Inc., Teresa Ghulam, Kena Handbags, Oneida Calamaco, Bobs Imports, Yam Trading, Sanjay Mehra, Max Gifts, Sabbir Hossian, Sam Trading, New Fashions, Just Fashion, Zareen Jamshid, Luggage & More, Filiberta Salazar, All Bundy Shoes, Jewelry Jewelry, Coco Trading, Yee Hung Kou, Xiao Trading, Fashion Zone, Xiaoping Xu, New Urban Fashion Trading, Muhammad Khalid Khan, Shoes Fashion, U.S. Fashion Trading, Saeed

3

Khan, Fashion Boutique Chicago, JoJo Handbags, Ling Ling Wang, J Fashion & Cellular Phone, Elijah Javaid, Gifts & More, C & M Trading, Naseer Alam, SBKD Enterprises Inc., S I Fashion, Bano Idrees, Amazing Import, J & R Handbag, D&C Handbags, Zhou Wang, FA Resale, Houston Resale, Fahad Ahmed, S. R. Imports, Ramesh Moorjani, All and All, Sohail Idrees, CC Trading, and Yingtang Cao; and

b) any person or entity Defendants know is related or affiliated with the persons or entities identified in a) above (collectively referred to as the "Alleged Infringers").

2. Texas International shall maintain a file which contains the names of the Alleged Infringers. Prior to renting a space to any Tenant, Texas International will check the name of the proposed Tenant against said file in a further effort to prevent the rental of space to any of the Alleged Infringers. Upon reasonable notice and request by Louis Vuitton and no more than one time per year, Texas International shall make the above file available to Louis Vuitton within five (5) business days of a written request by Louis Vuitton.

3. At its own expense, Texas International shall retain the services of an investigator who is licensed with the State of Texas ("Monitor") to inspect, investigate, and conduct searches of the Property for Infringing Products at least four (4) random days per month, including two (2) weekend days. Within five business days of the Monitor's selection, Texas International shall notify Louis Vuitton in writing of the Monitor's name, business address and phone number.

(a) Texas International shall report in writing to Louis Vuitton, once every three (3) months, the results of the Monitor's random inspections using the form attached hereto as Exhibit A.

(b) If the Monitor identifies products that he/she believes to be reasonably possibly Infringing Products, the Monitor shall make reasonable efforts under the circumstances to take photographs of said products, and, if voluntarily surrendered, place them in a secured area.

(c) Within seven (7) business days of presentation to Texas International of proof in the form of the Monitor's report that any Tenants may be engaging in the sale of reasonably possibly Infringing Products, Texas International shall notify Louis Vuitton, or its designated representative of such information using the form attached hereto as Exhibit A. If, after reviewing the information, Louis Vuitton informs Texas International in writing that it believes in good faith and based on a diligent and thorough evaluation of the information available to it that a Tenant has infringed any of the Louis Vuitton Trademark(s), then, within seven (7) business days of receiving such writing from Louis Vuitton, Texas International shall issue a notice of lease termination and/or eviction notice to the Tenant (collectively referred to as a "Notice of Eviction") and provide a copy of same to Louis Vuitton or its designated representative. The Tenant shall be required to vacate the Property within the earlier of ten (10) days or the date of expiration of the Tenant's lease with Texas International, failing which Texas International shall initiate eviction proceedings against the Tenant, which Louis Vuitton will fully support.

(d) If, between the date of the Notice of Eviction and the date on which the Tenant must vacate pursuant to Paragraph 3(c), the Tenant provides Texas International with documentation satisfactory to Louis Vuitton demonstrating that the allegedly Infringing Products do not violate Louis Vuitton's rights in any of the Louis Vuitton Trademarks, then Texas International may

rescind its Notice of Eviction and the Tenant shall not be required to vacate the premises.

(e) In the event that Texas International elects to change its Monitor, Texas International will diligently and promptly select a different investigative firm, licensed with the State of Texas, to act as the Monitor at the Property and shall notify Louis Vuitton in writing within seven (7) business days of the change.

4. Texas International shall continue to prominently display anti-counterfeiting signs at the Property (stating that the sale of counterfeit merchandise is illegal) in storefront windows, next to the cash registers inside Tenants' stores, outside of the Property's leasing office, and at the Property's entrances and exits.

5. Texas International shall continue to use security cameras at the Property in order to attempt to deter the sale and offers for sale of counterfeit merchandise at the Property.

6. In all leases Texas International hereinafter enters into with any Tenant, Texas International shall utilize the lease addendum form attached hereto as Exhibit B after first modifying it to incorporate the handwritten comments noted thereon (to prohibit the sale, offers for sale, display and storage of counterfeit merchandise).

7. In addition to the Monitor's inspections of the Property, Texas International also agrees to permit Louis Vuitton, its agents, investigators, or representatives (including Investigation Services Company) to conduct

unannounced random inspections during normal business hours at the Property to search for the sale and display of Infringing Products.

(a) If Louis Vuitton receives a lead suggesting the possibility that Infringing Products are displayed or offered for sale on the Property, Louis Vuitton shall conduct a good faith investigation reasonable under the circumstances and shall report its findings in writing to Texas International's management within seven (7) business days of the completion of the investigation.

(b) If Louis Vuitton determines that a Tenant is selling Infringing Products, Louis Vuitton shall advise Texas International's management in writing within seven (7) business days of the identifying information for the Tenant, including: (i) Tenant address; and (ii) Tenant's name, if known, and shall state in writing that, in good faith and based on a diligent and thorough evaluation of the information available to it, which information and evidence shall be included with such writing, the Tenant has infringed one or more of the Louis Vuitton Trademark(s). Within seven (7) business days of receiving such writing from Louis Vuitton, Texas International shall issue a Notice of Eviction to Tenant consistent with the notice set forth in Paragraph 3(d) above.

8. Within two (2) months from the date of this Injunction, Louis Vuitton shall provide one training session to the Monitor at Louis Vuitton's sole expense regarding Louis Vuitton's products and how to determine whether the same are genuine or not. The Louis Vuitton training shall take place in Houston, Texas at a mutually convenient time to Louis Vuitton and the Monitor.

9. This Injunction shall govern and bind the activities of Defendants, their employees, agents, servants, representatives, managers and/or

independent contractors, and all those in active concert or participation with any of them.

    10.    The Court reserves and retains continuing jurisdiction to enforce the provisions of the Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Injunction, as well as the terms of the parties' underlying settlement agreement.

Signed at Houston, Texas on August 15, 2012.

_____
Gray H. Miller
United States District Judge

# EXHIBIT A



# Report of Monitorship

| | |
|---|---|
| **Date and Time:** | ___ / ___ / ___     _____ A.M. / P.M.<br>Mo.   Day   Yr. |
| **Location:**<br>(Address, floor, booth numbers, etc.) | |
| **Search Results:** | Negative: _____     *Positive: _____<br>(Complete all remaining sections) |
| **Observations:**<br>(Detailed description of potentially counterfeit merchandise, number of items and precise location where discovered) | |
| **Identifying Data:**<br>(Business name, individual names, D.O.B., SSN, Passport No., telephone, etc.) | |
| **Additional Comments:** | |
| **Number of Photographs Attached:** | |

*NOTE: Attach photographs of all potential counterfeit merchandise to this report to the extent reasonably available.

Monitor's Signature: _____     Monitor's Name (print): _____

# EXHIBIT B

TEXAS INTERNATIONAL PARTNERSHIP, LTD.
9810 HARWIN DRIVE
HOUSTON, TEXAS 77036
(713) 785-2565

ADDENDUM TO LEASE

*offers for sale* *[?] consignment*

RESTRICTIONS ON USE

(1) NO ACTIVITY WILL BE CONDUCTED ON THE LEASED PREMISES THAT WILL CONSTITUTE THE SALE, LEASE, OR OTHER HYPOTHECATION OF COUNTERFEIT GOODS OR PRODUCTS; AND (A) THE LEASED PREMISES WILL NOT BE USED FOR THE STORAGE OF COUNTERFEIT GOODS OR PRODUCTS TO BE BROUGHT ONTO THE LEASED PREMISES

TENANT COMPLIANCE WITH LAWS

(2) THIS COVENANT OF THIS LEASE REQUIRES THE TENANT, ALONG WITH THE TENANT'S EMPLOYEES AND AGENTS, TO COMPLY WITH ALL APPLICABLE LAWS INCLUDING, WITHOUT LIMITATION, ANY AND ALL STATE AND/OR FEDERAL COPYRIGHT AND/OR TRADEMARK LAWS / WHETHER CREATED BY STATUTE OR JUDICIALLY MADE.

RIGHT OF ENTRY

(3) TENANT GIVES THE LANDLORD THE RIGHT TO ENTER THE PREMISES AT ALL TIMES AT ALL REASONABLE HOURS TO CAUSE THE TENANT TO COMPLY WITH APPLICABLE LAWS, AND TO REMOVE ANY AND ALL COUNTERFEIT PRODUCTS TO ENSURE COMPLIANCE. (A) HOWEVER, THE RIGHT-OF-ENTRY PROVISION DOES NOT MEAN THE LANDLORD HAS A DUTY TO DO SO.

INDEMNITY PROVISION → *offers for sale, display, consignment or storage*

(4) LANDLORD REQUIRES INDEMNIFICATION BY THE TENANT IN FAVOR OF THE LANDLORD FOR TENANTS SALE OF COUNTERFEIT GOODS; THIS INDEMNIFICATION MAKES THE TENANT STRICTLY LIABLE FOR SUCH ILLEGAL ACTIVITY.

TENANTS USE OF LEASED PROPERTY → *including, but not limited to, the "Restrictions on Use" set forth above*

(5) WHEN THE LANDLORD DISCOVERS THAT A TENANT IS USING THE LEASED PROPERTY FOR AN ILLEGAL PURPOSE, THE LANDLORD MAY CHOOSE TO EITHER (A) TERMINATE THE LEASE AND RECOVER DAMAGES (LOSS TO THE LANDLORD OF RENTALS DUE TO EARLY TERMINATION OF THE LEASE,) OR (B) HOLD THE TENANT TO THE LEASE AND RECOVER EQUITABLE AND LEGAL RELIEF, INCLUDING DAMAGES (DAMAGES INCLUDE THE COST OF STOPPING THE ILLEGAL USE, AS WELL AS EQUITABLE RELIEF SUCH AS AN INJUNCTION ORDERING THE TENANT TO CEASE THE ILLEGAL ACTIVITY.)

HARWIN DRIVE /

LESSEE /

TIP-2-00068